ORIGINAL

FILED IN OPEN COURT
U.S.D.C. - Atlanta

MAR 1 0 2026

KEVIN P WEIMER, Clerk
By: ⟶ Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | **UNDER SEAL** |
| *v.* | Criminal Indictment |
| BENJAMIN BATTLE III, A/K/A "VLAD THE DAD," A/K/A "VLAD THE DADDY," A/K/A "JOEL THE DADDY," A/K/A "VLAD GASAI," | No. **1:26CR-111** |

THE GRAND JURY CHARGES THAT:

**Count One**
(18 U.S.C. § 2261A – Cyberstalking)

From on or about November 1, 2019, and continuing until on or about November 30, 2021, in the Northern District of Georgia and elsewhere, the defendant, BENJAMIN BATTLE III, A/K/A "VLAD THE DAD," A/K/A "VLAD THE DADDY," A/K/A "JOEL THE DADDY," A/K/A "VLAD GASAI,"with intent to harass and intimidate a person in another state, that is Victim 1, did use an interactive computer service, electronic communication service, and electronic communication system of interstate commerce, including Snapchat, and the internet, a facility of interstate commerce, to engage in a course of conduct that caused, attempted to cause, and would be reasonably expected to cause, substantial emotional distress to Victim 1, all in violation of Title 18, United States Code, Section 2261A(2)(B).

**Count Two**
(18 U.S.C. § 875 – Extortion)

In or about October 2021, in the Northern District of Georgia and elsewhere, the defendant, BENJAMIN BATTLE III, A/K/A "VLAD THE DAD," A/K/A "VLAD THE DADDY," A/K/A "JOEL THE DADDY," A/K/A "VLAD GASAI," with intent to extort something of value from Victim 1, knowingly transmitted in interstate commerce any communication containing any threat to damage the reputation of Victim 1, that is, electronic messages to Victim 1, containing threats to damage the reputation of Victim 1, in violation of Title 18, United States Court, Section 875(d).

**Count Three**
(18 U.S.C. § 2261A – Cyberstalking)

From on or about October 1, 2020, and continuing until on or about September 30, 2021, in the Northern District of Georgia and elsewhere, the defendant, BENJAMIN BATTLE III, A/K/A "VLAD THE DAD," A/K/A "VLAD THE DADDY," A/K/A "JOEL THE DADDY," A/K/A "VLAD GASAI," with intent to harass and intimidate a person in another state, that is Victim 2, did use an interactive computer service, electronic communication service, and electronic communication system of interstate commerce, including Skype, and the internet, a facility of interstate commerce, to engage in a course of conduct that caused, attempted to cause, and would be reasonably expected to cause, substantial emotional distress to Victim 2, all in violation of Title 18, United States Code, Section 2261A(2)(B).

2

## Count Four
### (18 U.S.C. § 875 – Extortion)

In or about September 2021, in the Northern District of Georgia and elsewhere, the defendant, BENJAMIN BATTLE III, A/K/A "VLAD THE DAD," A/K/A "VLAD THE DADDY," A/K/A "JOEL THE DADDY," A/K/A "VLAD GASAI," with intent to extort something of value from Victim 2, knowingly transmitted in interstate commerce any communication containing any threat to damage the reputation of Victim 2, that is, electronic messages to Victim 2, containing threats to damage the reputation of Victim 2, in violation of Title 18, United States Court, Section 875(d).

## Count Five
### (18 U.S.C. § 2261A – Cyberstalking)

From on or about September 1, 2020, and continuing until on or about July 30, 2023, in the Northern District of Georgia and elsewhere, the defendant, BENJAMIN BATTLE III, A/K/A "VLAD THE DAD," A/K/A "VLAD THE DADDY," A/K/A "JOEL THE DADDY," A/K/A "VLAD GASAI,"with intent to harass and intimidate a person in another state, that is Victim 3, did use an interactive computer service, electronic communication service, and electronic communication system of interstate commerce, including Skype and Telegram, and the internet, a facility of interstate commerce, to engage in a course of conduct that caused, attempted to cause, and would be reasonably expected to cause, substantial emotional distress to Victim 3, all in violation of Title 18, United States Code, Section 2261A(2)(B).

## Count Six
### (18 U.S.C. § 875 – Extortion)

In or about June 2023, in the Northern District of Georgia and elsewhere, the defendant, BENJAMIN BATTLE III, A/K/A "VLAD THE DAD," A/K/A "VLAD THE DADDY," A/K/A "JOEL THE DADDY," A/K/A "VLAD GASAI," with intent to extort something of value from Victim 3, knowingly transmitted in interstate commerce any communication containing any threat to damage the reputation of Victim 3, that is, electronic messages to Victim 3, containing threats to damage the reputation of Victim 3, in violation of Title 18, United States Court, Section 875(d).

## Count Seven
### (18 U.S.C. § 2261A – Cyberstalking)

From on or about May 1, 2021, and continuing until on or about October 31, 2021, in the Northern District of Georgia and elsewhere, the defendant, BENJAMIN BATTLE III, A/K/A "VLAD THE DAD," A/K/A "VLAD THE DADDY," A/K/A "JOEL THE DADDY," A/K/A "VLAD GASAI," with intent to harass and intimidate a person in another state, that is Victim 4, did use an interactive computer service, electronic communication service, and electronic communication system of interstate commerce, including Skype, and the internet, a facility of interstate commerce, to engage in a course of conduct that caused, attempted to cause, and would be reasonably expected to cause, substantial emotional distress to Victim 4, all in violation of Title 18, United States Code, Section 2261A(2)(B).

4

### Count Eight
(18 U.S.C. § 875 – Extortion)

On or about July 2, 2021, in the Northern District of Georgia and elsewhere, the defendant, BENJAMIN BATTLE III, A/K/A "VLAD THE DAD," A/K/A "VLAD THE DADDY," A/K/A "JOEL THE DADDY," A/K/A "VLAD GASAI," with intent to extort something of value from Victim 4, knowingly transmitted in interstate commerce any communication containing any threat to damage the reputation of Victim 4, that is, electronic messages to Victim 4, containing threats to damage the reputation of Victim 4, in violation of Title 18, United States Court, Section 875(d).

### Count Nine
(18 U.S.C. § 875 – Extortion)

On or about September 20, 2021, in the Northern District of Georgia and elsewhere, the defendant, BENJAMIN BATTLE III, A/K/A "VLAD THE DAD," A/K/A "VLAD THE DADDY," A/K/A "JOEL THE DADDY," A/K/A "VLAD GASAI," with intent to extort something of value from Victim 4, knowingly transmitted in interstate commerce any communication containing any threat to damage the reputation of Victim 4, that is, electronic messages to Victim 4, containing threats to damage the reputation of Victim 4, in violation of Title 18, United States Court, Section 875(d).

### Count Ten
(18 U.S.C. § 2261A – Cyberstalking)

From on or about September 1, 2021, and continuing until on or about November 30, 2021, in the Northern District of Georgia and elsewhere, the

defendant, BENJAMIN BATTLE III, A/K/A "VLAD THE DAD," A/K/A "VLAD THE DADDY," A/K/A "JOEL THE DADDY," A/K/A "VLAD GASAI,"with intent to harass and intimidate a person in another state, that is Victim 5, did use an interactive computer service, electronic communication service, and electronic communication system of interstate commerce, including Snapchat, and the internet, a facility of interstate commerce, to engage in a course of conduct that caused, attempted to cause, and would be reasonably expected to cause, substantial emotional distress to Victim 5, all in violation of Title 18, United States Code, Section 2261A(2)(B).

### Count Eleven
(18 U.S.C. § 875 – Extortion)

On or about November 24, 2021, in the Northern District of Georgia and elsewhere, the defendant, BENJAMIN BATTLE III, A/K/A "VLAD THE DAD," A/K/A "VLAD THE DADDY," A/K/A "JOEL THE DADDY," A/K/A "VLAD GASAI," with intent to extort something of value from Victim 5, knowingly transmitted in interstate commerce any communication containing any threat to damage the reputation of Victim 5, that is, electronic messages to Victim 5, containing threats to damage the reputation of Victim 5, in violation of Title 18, United States Court, Section 875(d).

### Count Twelve
(18 U.S.C. § 2261A – Cyberstalking)

From on or about January 1, 2021, and continuing until on or about November 30, 2021, in the Northern District of Georgia and elsewhere, the defendant,

6

BENJAMIN BATTLE III, A/K/A "VLAD THE DAD," A/K/A "VLAD THE DADDY," A/K/A "JOEL THE DADDY," A/K/A "VLAD GASAI,"with intent to harass and intimidate a person in another state, that is Victim 6, did use an interactive computer service, electronic communication service, and electronic communication system of interstate commerce, including Snapchat, and the internet, a facility of interstate commerce, to engage in a course of conduct that caused, attempted to cause, and would be reasonably expected to cause, substantial emotional distress to Victim 6, all in violation of Title 18, United States Code, Section 2261A(2)(B).

## Count Thirteen
(18 U.S.C. § 875 – Extortion)

In or about November 2021, in the Northern District of Georgia and elsewhere, the defendant, BENJAMIN BATTLE III, A/K/A "VLAD THE DAD," A/K/A "VLAD THE DADDY," A/K/A "JOEL THE DADDY," A/K/A "VLAD GASAI," with intent to extort something of value from Victim 6, knowingly transmitted in interstate commerce any communication containing any threat to damage the reputation of Victim 6, that is, electronic messages to Victim 6, containing threats to damage the reputation of Victim 6, in violation of Title 18, United States Court, Section 875(d).

## Forfeiture Provision

Upon conviction of one or more of the offenses alleged in Counts One through Thirteen of this Indictment, the defendant, BENJAMIN BATTLE III, A/ K/A "VLAD THE DAD," A/K/A "VLAD THE DADDY," A/K/A "JOEL THE

7

DADDY," A/K/A "VLAD GASAI," shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C), any property, real or personal, constituting, or derived from, proceeds traceable to the offenses, including, but not limited to, the following:

MONEY JUDGMENT: A sum of money in United States currency, representing the amount of proceeds obtained as a result of the offenses alleged in Counts One through Thirteen of this Indictment.

If, as a result of any act or omission of the defendant, any property subject to forfeiture:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be subdivided without difficulty;

the United States of America intends, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property.

A _____ True _____ BILL

_____ FOREPERSON

THEODORE S. HERTZBERG
 *United States Attorney*

*Leanne Marek*

LEANNE M. MAREK
 *Assistant United States Attorney*
Georgia Bar No. 270935

600 U.S. Courthouse
75 Ted Turner Drive SW
Atlanta, GA 30303
404-581-6000; Fax: 404-581-6181

9